Parker C. J.
delivered the opinion of the Court. The only question is, whether the testimony of Ayer, in relation to the declaration of Scholfield tending to show that the goods attached were the property of the plaintiff, was admissible. If a mere declaration, certainly it is not evidence, for Scholfield is alive, and though probably out of the country, proof of his sayings would be rejected on the general rule respecting hearsay evidence. There are however exceptions to the general rule, depending sometimes upon nice discrimination, which without close consideration would seem to violate the rule itself. The cases of pedigree and some others recognised in the books are well known and easily applied ;[1] but where declarations are admitted as part of the res gestas, there is hardly any distinct rule as to what will constitute the res gestee which will support such declarations.
The case before us is of this difficult nature. The property in question is supposed to have been in the possession and under the control of Scholfield. It appears also, that it was. so situated, in regard to other property of the same kind belonging to Schplfield himself or to other persons, that none but Scholfield could distinguish them. If he had been heard to say that the particular parcel in question belonged to the plaintiff, without their being engaged in any transaction relating to the property, this would be mere declaration and hearsay.' But if he was then employed in any act respecting the goods, such as separating different parcels for the purpose of distinguishing what belonged to one person and what to another, what he said while he was doing it would he considered as a part of the transaction and admissible in evidence. It would be like his labelling the goods with the name of the owner, *395 which though in one sense a declaration, yet would be construed an act indicative of proprietorship in the goods. It gives some importance to such declarations, that they are made in the ordinary course of transactions, without reference to any controversy or any counter claim of property, and also that the declarations are against the interest of the party. Now the declarations of Scholfield have these circumstantial supports ; they were made at a time when there was no expectation of a dispute about the property, and they were against the interest of Scholfield.
Was there any transaction of which they may be considered to be a part ? We think there was. The plaintiff went to Andover to inquire into the state of the wool which he had put into the possession of Scholfield to be manufactured. Scholfield showed him certain portions in different stages of process, as his property. .This was an act or transaction, and Scholfield’s declaration made a part of it; and this act is not distinguishable from the actual separation of a parcel from the common mass, putting it aside with the plaintiff’s name upon it; for this substantially would be but the declaration of Scholfield, and yet it cannot be doubted but that it might be proved.[1]
We consider it of importance, that it was proved by unquestionable evidence, that the plaintiff had wool in the possession of Scholfield, and that the only question was whether the particular parcel attached was part of his property.

Judgment according to verdict.

 Roscoe’s Dig. Crim. Ev. (Amer. ed ) 22, n. 1; 2 Stark. Ev (5th Amer td.) 604 et seq.

 See Tompkins v. Saltmarsh, 14 Serg. & Rawle, 275; Gorham v. Canton, 5 Greenl. 266; Little v. Libby, 2 Greenl. 242; Brackett v. Wait, 6 Vermont R. 425; Roscoe’s Dig. Crim. Ev. 20, 21; 1 Stark. Ev. (5th Asner. ed.) 36; Davis v. Spooner, 3 Pick 288; Van Deusen, v. Turner, 12 Pick. 533.